MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
KYUNG HEE CHU, *individually and on behalf of others similarly situated,*

       *Plaintiff*,

   -against-

JEANNIE'S DELI CORP. (D/B/A PARK FRESH DELI F/D/B/A JEANNIE'S DELI CORP. F/D/B/A CHELSEA FOOD MARKET), PARK FRESH DELI EXPRESS CORP. (D/B/A PARK FRESH DELI F/D/B/A JEANNIE'S DELI CORP F/D/B/A CHELSEA FOOD MARKET), DELICIOUS FOOD MARKET, INC. (D/B/A PARK FRESH DELI F/D/B/A JEANNIE'S DELI CORP. F/D/B/A CHELSEA FOOD MARKET), SUK N PARK , and MIKE DOE ,

       *Defendants*.
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Kyung Hee Chu ("Plaintiff Chu" or "Ms. Chu"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp f/d/b/a Chelsea Food Market), Delicious Food Market, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), ("Defendant Corporations"), Suk N Park and Mike Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Chu is a former employee of Defendants Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp f/d/b/a Chelsea Food Market), Delicious Food Market, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market), Suk N Park, and Mike Doe.

2. Defendants own, operate, or control a deli, located at 194 8th Avenue, New York, New York 10011 under the name "Jeannie's Deli Corp."

3. Upon information and belief, individual Defendants Suk N Park and Mike Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the deli as a joint or unified enterprise.

4. Plaintiff Chu was employed as a cashier at the deli located at 194 8th Avenue, New York, New York 10011.

5. At all times relevant to this Complaint, Plaintiff Chu worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Chu appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Chu wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Chu to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Chu and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Chu now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Chu seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Chu's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Chu was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Kyung Hee Chu ("Plaintiff Chu" or "Ms. Chu") is an adult individual residing in Queens County, New York.

15. Plaintiff Chu was employed by Defendants at Jeannie's Deli from approximately June 2018 until on or about December 27, 2019.

16. Plaintiff Chu consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a deli, located at 194 8th Avenue, New York, New York 10011 under the name "Jeannie's Deli Corp."

18. Upon information and belief, Jeannie's Deli Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 194 8th Avenue, New York, New York 10011.

19. Upon information and belief, Park Fresh Deli Express Corp. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp f/d/b/a Chelsea Food Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 194 8th Avenue, New York, New York 10011.

20. Upon information and belief, Delicious Food Market, Inc. (d/b/a Park Fresh Deli f/d/b/a Jeannie's Deli Corp. f/d/b/a Chelsea Food Market) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 194 8th Avenue, New York, New York 10011.

21. Defendant Suk N Park is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Suk N Park is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Suk N Park possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Chu, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Mike Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mike Doe is sued individually in his

capacity as a manager of Defendant Corporations. Defendant Mike Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Chu, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a deli located in the Chelsea section of Manhattan in New York City.

24. Individual Defendants, Suk N Park and Mike Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Chu's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Chu, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Chu (and all similarly situated employees) and are Plaintiff Chu's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Chu and/or similarly situated individuals.

29. Upon information and belief, Individual Defendant Suk N Park operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

  a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

  b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c) transferring assets and debts freely as between all Defendants,

  d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

  e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

  f) intermingling assets and debts of his own with Defendant Corporations,

  g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

  h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Chu's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Chu, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Chu's services.

31. In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Chu is a former employee of Defendants who was employed as a cashier.

34. Plaintiff Chu seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Kyung Hee Chu*

35. Plaintiff Chu was employed by Defendants from approximately June 2018 until on or about December 27, 2019.

36. Defendants employed Plaintiff Chu as cashier.

37. Plaintiff Chu regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38. Plaintiff Chu's work duties required neither discretion nor independent judgment.

39. Throughout her employment with Defendants, Plaintiff Chu regularly worked in excess of 40 hours per week.

40. From approximately June 2018 until on or about December 2018, Plaintiff Chu worked from approximately 10:00 a.m. until on or about 8:00 p.m., Mondays through Fridays (typically 50 hours per week).

41. From approximately January 2019 until on or about March 2019, Plaintiff Chu worked from approximately 9:00 a.m. until on or about 7:00 p.m., Mondays through Fridays (typically 45 hours per week).

42. Throughout her employment, Defendants paid Plaintiff Chu her wages in a combination of check and cash.

43. From approximately June 2018 until on or about December 2018, Defendants paid Plaintiff Chu a fixed salary of $715 per week.

44. From approximately January 2019 until on or about March 2019, Defendants paid Plaintiff Chu a fixed salary of $750 per week.

45. Plaintiff Chu's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

46. For example, before March 19, 2019, Defendants required Plaintiff Chu to work 2 hours past her scheduled departure time every day, and did not pay her for the additional time she worked.

> Although Defendants granted Plaintiff Chu 30 minute meal periods, her job required her to work during those meal periods and eat while she continued working.

47. Before March 2019, Plaintiff Chu was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

48. On one occasion, Defendants required Plaintiff Chu to sign a document, the contents of which she was not allowed to review in detail.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Chu regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Chu an accurate statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Chu, in English and in Korean (Plaintiff Chu's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Chu (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

53. Plaintiff Chu was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

54. Defendants' pay practices resulted in Plaintiff Chu not receiving payment for all her hours worked, and resulted in Plaintiff Chu's effective rate of pay falling below the required minimum wage rate.

55. Defendants habitually required Plaintiff Chu to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

56. Before March 2019, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. On one occasion, Defendants required Plaintiff Chu to sign a document the contents of which she was not allowed to review in detail.

58. Defendants paid Plaintiff Chu her wages in a combination of check and cash.

59. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Chu (and similarly situated individuals) worked, and to avoid paying Plaintiff Chu properly for her full hours worked.

61. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Chu and other similarly situated former workers.

63. Defendants failed to provide Plaintiff Chu and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants failed to provide Plaintiff Chu and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65. Plaintiff Chu brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or

were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66. At all relevant times, Plaintiff Chu and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

67. The claims of Plaintiff Chu stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68. Plaintiff Chu repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Chu (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70. Defendants' failure to pay Plaintiff Chu (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Chu (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

72. Plaintiff Chu repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Chu overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Chu overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

75. Plaintiff Chu was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

76. Plaintiff Chu repeats and realleges all paragraphs above as though fully set forth herein.

77. Before March 2019, Plaintiff Chu repeats and realleges all paragraphs above as though fully set forth herein.

78. At all times relevant to this action, Defendants were Plaintiff Chu's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Chu (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

79. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81. Defendants failed to pay Plaintiff Chu (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82. Defendants' failure to pay Plaintiff Chu (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiff Chu (and the FLSA Class members) were damaged in an amount to be determined at trial.

84. Defendants failed to provide Plaintiff Chu with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

85. Defendants are liable to Plaintiff Chu in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

86. Plaintiff Chu repeats and realleges all paragraphs above as though fully set forth herein.

87. With each payment of wages, Defendants failed to provide Plaintiff Chu with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

88.     Defendants are liable to Plaintiff Chu in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

89.     Plaintiff Chu repeats and realleges all paragraphs above as though set forth fully herein.

90.     Defendants did not pay Plaintiff Chu on a regular weekly basis, in violation of NYLL §191.

91.     Defendants are liable to Plaintiff Chu in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chu respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Chu and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Chu's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Chu and the FLSA Class members;

(e) Awarding Plaintiff Chu and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Chu and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Chu;

(h) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Chu;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Chu's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Chu;

(k) Awarding Plaintiff Chu damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l) Awarding Plaintiff Chu damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Chu liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Chu and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Chu and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Chu demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

January 12, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 28, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Kyung Hee Chu

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:                    *[signature: Kyung Hee Chu]*

Date / Fecha:                         28 de January 2020